UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GLENN EDWARD PAYNE, )
)
    Plaintiff, ) No. 1:16-CV-426-JRG-SKL
)
v. )
)
HAMILTON COUNTY JAIL SHERIFF'S )
STAFF, HAMILTON COUNTY JAIL MEDICAL )
STAFF, and CATHY UNKNOWN, )
)
    Defendants. )

## MEMORANDUM AND ORDER

Glenn Edward Payne, an inmate confined in the Hamilton County Jail, has filed this pro se complaint[1] under 42 U.S.C. § 1983 alleging that Defendants violated his civil rights by being deliberately indifferent to his serious medical needs while incarcerated [Doc. 1].

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

---

[1] The Complaint was filed in the Western District of Missouri (Kansas City) on September 26, 2016. On October 12, 2016, United States District Judge Ortrie Smith granted Plaintiff's motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and transferred the action to this Court [Doc. 4].

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

I.  **Plaintiff's Factual Allegations**

Plaintiff alleges that in early April of 2016 he injured his foot while in the recreation yard [Doc. 1 p. 3]. Plaintiff claims to have informed the recreation officers and a nurse of his injury explaining that he "heard a snap" and that his ankle was "swollen beyond recognition" [*Id*.]. He was told that he would be put on sick call to have his foot examined [*Id*.]. Plaintiff contends that over three weeks passed before he received any medical attention regarding his injury [*Id*. at 4]. During the three weeks he waited for medical care, Plaintiff states that he requested care from "every other nurse everyday about [his] foot" [*Id*.].

Upon mere visual examination of Plaintiff's injury, Defendant, Nurse Cathy, diagnosed Plaintiff's injury as a sprain and dismissed him from her office [*Id.*]. Plaintiff continued to complain about pain in his foot [*Id.*]. Later, Nurse Jeff informed Plaintiff that Defendant Cathy was fired "for neglecting to do her job and being racially bias" [*Id.* at 5].

In July of 2016, Plaintiff received an X-ray of his foot at Erlanger Medical Center that confirmed his foot was indeed broken [*Id.*]. Plaintiff complains that due to lack of medical care his foot has begun to heal "improperly" [*Id.*]. A doctor at Erlanger Medical Center told Plaintiff that if he would have had medical treatment immediately after the injury to his foot, a cast or boot would have been placed on his foot to allow the injury to heal correctly [*Id.*]. However, now, Plaintiff is scheduled for surgery [*Id.*]. Plaintiff maintains that surgery could have been avoided if he had received proper medical care immediately following his injury as he requested [*Id.*].

Plaintiff further describes "another display of neglect" that occurred on September 6, 2016 when he was "taken down by Officer Fain and Officer Rosario while [he] was handcuffed" resulting in injury to his ribs [*Id.* at 6]. Plaintiff claims that he was again denied medical attention upon his request [*Id.*].

## II. Analysis

Plaintiff has named the "Hamilton County Jail Sheriff's Staff" and the "Hamilton County Jail Medical Staff" as defendants in this matter. The Court finds that these Defendants are subdivisions of the sheriff's department and are not legal entities that are subject to being sued under 42 U.S.C. §1983. *See Horton v. Hamblen County Jail Medical* Staff, 2007 WL 172523, *1 (E.D. Tenn. Jan. 18, 2007); *Sullivan v. Hamilton County Jail Staff,* 2006 WL 1582418, *3 n. 1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff and jail staff are subdivisions of the

sheriff's department and not a legal entity subject to being sued) (citing to *Fischer v. Cahill,* 474 F.2d 991, 992 (3rd Cir. 1973) for its holding that a state prison medical department is not a "person" under § 1983); *see also Holifield v. Mobile County Sheriff's Dept. of Mobile*, 2008 WL 2246961 (May 29, 2008) (Mobile County Jail Medical Unit was a subdivision of the jail and not a distinct legal entity subject to suit under § 1983)*; Johnson v. LCDC Med. Staff*, 2009 WL 1256906, at *2 (E.D. Tenn. Apr. 29, 2009).

Because Governmental divisions and departments are not suable entities, all claims brought by Plaintiff against the Hamilton County Jail Sheriff and Medical Staff, pursuant to 42 U.S.C. § 1983, will be **DENIED** and these Defendants will be **DISMISSED** *sua sponte* from this lawsuit.

Furthermore, Plaintiff fails to state a claim against Defendant Cathy Unknown ("Cathy") for violation of his constitutional rights.

"A prisoner's right to adequate medical care is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs" in violation of the Eighth Amendment. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). An Eighth Amendment claim contains both an objective and a subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

To satisfy the objective component, the prisoner must demonstrate that the conditions posed a substantial risk of serious harm. *Id.* at 307, at *6 (*citing Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005). A medical need is sufficiently serious if it has "been 'diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's treatment.'" *Smith v. Franklin Cnty.*, 227 F.Supp. 2d 667,

4

676 n. 10 (E.D. Ky. 2002) (*quoting Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897-98 (6th Cir. 2004).

Second, to satisfy the subjective component, the prisoner must demonstrate deliberate indifference in that the defendant "subjectively perceived a risk of harm and then disregarded it." *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Comstock*, 273 F.3d at 703). In order to show deliberate indifference, a prisoner must show "more than mere negligence or the misdiagnosis of an ailment." *Id*. "[T]he subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by 'factually unsupported, conclusory opinions of the court or of the prisoners or of their representatives.'" *United States v. Michigan*, 940 F.2d 143, 154 n. 7 (6th Cir. 1991). Even if a prisoner could show medical malpractice, that alone would not give rise to a Constitutional claim. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) ("Deliberate indifference . . . does not include negligence in diagnosing a medical condition."). The Sixth Circuit has long held that the right to adequate medical care does not encompass the right to be diagnosed correctly, only that medical care is offered. *Johnson*, 398 F.3d at 874 (quoting *Danese v. Asman,* 875 F.2d 1239, 1244 (6th Cir. 1989)).

Here, Plaintiff was treated for his complained of injury by Nurse Cathy who determined that his ankle was sprained and that no further medical care was necessary. Although it was later found that Plaintiff's ankle was broken, Cathy's medical care does rise to an unconstitutional level. Even if Plaintiff's allegations regarding Cathy's misdiagnosis of his injury evidenced medical malpractice in state tort law, it does not rise to the magnitude of a constitutional violation. Where prisoners receive medical attention and the parties dispute the adequacy of the treatment, courts are "reluctant to second guess medical judgments and to constitutionalize

5

claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Thus, even if this Court determined that Plaintiff is able to satisfy the objective component of an Eighth Amendment claim, he has clearly failed to satisfy the subjective component by failing to provide a showing of more than "mere negligence or the misdiagnosis of [his] ailment." *Comstock*, 273 F.3d at 703.

As to Plaintiff's allegation regarding the three-week delay from when he injured his foot to when he was examined by Defendant Cathy, there is no evidence that Cathy either was aware of or had any responsibility for this delay of medical attention. *See Sanderfer v. Nichols*, 62 F.3d 151 (6th Cir. 1995).

In his complaint, Plaintiff states that Defendant Cathy was fired "for neglecting to do her job . . ." implying that she had a pattern of being deliberately indifferent toward prisoners' medical needs. The Court finds it necessary to address this brief single sentence implication against Defendant Cathy. *Hill v. Marshall*, 962 F.2d 1209 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993), involved a deputy superintendent of treatment who repeatedly failed to review and respond to the medical needs of the prison population. *Id.* at 1214. It was held that the superintendent's consistent abdication of responsibility was "so likely to result" in a constitutional deprivation that he was deliberately indifferent. *Id.* In the case at bar, however, there is no evidence that Cathy failed to respond to any other prisoners' medical needs. Indeed, the argument as to Cathy's treatment is confined to her single encounter with Plaintiff, the facts surrounding her examination of him, and her diagnosis of his condition on that date. Thus, strong proof of a pervasive pattern of indifference simply is not present.

Accordingly, the Court finds that Plaintiff has failed to state a claim for denial of, or inadequate, medical care by Nurse Cathy.

### III. Conclusion

Based on the foregoing, the Court finds that Plaintiff failed to allege any constitutional violation in his complaint and therefore failed to state any valid § 1983 claims against Defendants. Thus, this case will be **DISMISSED** *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE